**United States District Court**
**District of Massachusetts**

```
                                    )
Niccokawon Pledger,                 )
                                    )
          Plaintiff,                )
                                    )
     v.                             )       Civil Action No.
                                    )       25-10625-NMG
Shawn Jenkins,                      )
                                    )
          Defendant.                )
                                    )
```

**MEMORANDUM & ORDER**

GORTON, J.

Pending before the Court are the motions of petitioner, Niccokawon Pledger ("petitioner"), to appoint counsel and to hold in abeyance his petition for writ of habeas corpus. For the reasons that follow, petitioner's motions will be denied.

## I. **Background**

In 2018, petitioner was convicted by a jury of second-degree murder, armed assault, assault and battery with a dangerous weapon and unlawful possession of a firearm, in violation of Massachusetts law. A Massachusetts Superior Court judge sentenced petitioner to life in prison with the possibility of parole.

Petitioner appealed his conviction to the Massachusetts Appeals Court, claiming ineffective assistance of counsel and racially biased jury selection, challenging the Massachusetts juror compensation statute and demanding a new trial. After the

- 1 -

affirmance of his conviction, he sought further appellate review
from the Massachusetts Supreme Judicial Court ("SJC") which was
denied in early 2025.  In the interim, petitioner filed a motion
for a new trial with the Superior Court, which was denied.  The
Appeals Court affirmed that decision and the SJC again declined
to hear his case.  According to petitioner, some of his state
law claims with respect to ineffective assistance of counsel
remain pending.

In March, 2025, petitioner filed a petition for writ of
habeas corpus in this Court pursuant to 28 U.S.C. §2254.  Within
his voluminous pleadings, petitioner asserts, among other
things, that 1) his trial counsel was ineffective, 2) his
appellate counsel was ineffective and 3) there is insufficient
evidence to support his convictions.  Petitioner now moves for
the appointment of counsel and for this Court to enter a stay
and hold his habeas petition in abeyance so that he may exhaust
his outstanding state-law remedies.

## II. Motion to Stay in Abeyance

A federal court can entertain a petition for habeas corpus
only after the petitioner has exhausted all of his available
state-law remedies. Ex parte Hawk, 321 U.S. 114, 117 (1944).  In
limited circumstances, it may hold a habeas petition in abeyance
to afford the petitioner an opportunity to exhaust his state-law
claims. Rhines v. Weber, 544 U.S. 269, 275-78 (2005).  Stays in

- 2 -

abeyance are, however, the exception.  As such, the Court will enter a stay only if 1) there is good cause for a petitioner's failure to exhaust his state remedies, 2) the claims raised in the petition are potentially meritorious and 3) the petitioner has not intentionally engaged in any dilatory tactics. Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 278).  The petitioner bears the burden of establishing all three factors in support of a stay. Rhines, 544 U.S. at 277.

Petitioner claims that a stay is warranted in this case because he has experienced difficulties communicating with his appellate counsel while in prison and, as such, his counsel made strategic decisions to forgo certain claims without consulting him.  Neither ground constitutes good cause for a stay.

The First Circuit Court of Appeals has made clear that an attorney's decision to bypass claims in a state-level appeal "cannot amount to good cause" for a stay, Clements v. Maloney, 485 F.3d 158, 170 (1st Cir. 2007), even if that decision was the result of "[i]gnornace of the law." Josselyn v. Dennehy, 475 F.3d 1, 5 (1st Cir. 2007).  Other sessions of this Court have similarly declined to enter stays based upon alleged ineffective assistance of counsel. See, e.g., Watt v. Marchilli, 217 F. Supp. 3d 434, 440 (D. Mass. 2016); Wood v. Ryan, 268 F. Supp. 297, 301 (D. Mass. 2017).  Likewise, other federal courts have recognized that an inability to contact counsel does not amount

to good cause. See, e.g., Meraz-Espinoza v. California, No. CV1604597DMGRAO, 2016 WL 9175621, at *2 (C.D. Cal. Aug. 26, 2016), report and recommendation adopted, No. CV1604597DMGRAO, 2017 WL 2662468 (C.D. Cal. June 20, 2017) ("Petitioner's . . . inability to make or receive phone calls[] does not amount to 'good cause' for a . . . stay."); Gambino v. Payne, No. 1:12-CV-00824JLSMJR, 2020 WL 4260523, at *3 (W.D.N.Y. July 24, 2020) (similar). Petitioner therefore fails to meet the "high bar" required to show good cause, Watt, 217 F. Supp. 3d at 440, and, as such, this Court need not consider whether petitioner has satisfied the other two requirements necessary for a stay of his petition for writ of habeas corpus.

## III. **Motion to Appoint Counsel**

When a petitioner files a §2254 habeas petition, he has no constitutional right to counsel. Ellis v. United States, 313 F.3d 636, 652-53 (1st Cir. 2002). A federal district court may nevertheless appoint counsel for a petitioner if 1) the petitioner is "financially eligible" and 2) the "interests of justice so require." 18 U.S.C. §3006A(a)(2). In assessing the interest of justice, courts primarily consider a petitioner's likelihood of success and the complexities of his claims. United States v. Mala, 7 F.3d 1058, 1063-1064 (1st Cir. 1993). The appointment of counsel is rare, however, and is afforded only in exceptional circumstances. Id.; Ellis, 313 F.3d at 652-53.

Petitioner suggests that counsel should be appointed here because his claims are meritorious.  Even if that were so, the appointment of counsel is unwarranted.  Petitioner's claims involve alleged ineffective assistance of counsel and requests for a new trial that, although extensive, do not appear so complex as to make this case exceptional. See Pena v. Boncher, No. CV 23-10807-MPK, 2023 WL 11873010, at *1 (D. Mass. June 22, 2023) (denying appointment of counsel because the petition did not raise exceptional issues); Blake v. Medeiros, No. 14-CV-11845-IT, 2015 WL 2381031, at *2 (D. Mass. May 19, 2015) (same). Petitioner's motion to appoint counsel will therefore be denied.

ORDER

For the foregoing reasons, the motions of petitioner, Niccokawon Pledger, for appointment of counsel (Docket No. 2) and to hold his petition for writ of habeas corpus in abeyance (Docket No. 3) are **DENIED**.

**So ordered.**

Nathaniel M. Gorton
United States District Judge

Dated:  May 27, 2025