United States District Court
District of Massachusetts

| | |
|---|---|
| Niccokawon Pledger,<br><br>    Plaintiff,<br><br>    v.<br><br>Shawn Jenkins,<br><br>    Defendant. | Civil Action No.<br>25-10625-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

In a prior Memorandum & Order, this Court denied the motion of pro se petitioner, Niccokawon Pledger ("petitioner"), to hold in abeyance his §2254 petition for writ of habeas corpus. Respondent, Shawn Jenkins ("respondent"), now moves to dismiss the petition without prejudice, asserting that petitioner failed to exhaust some of his claims by not appealing them in state court. For the reasons below, the motion will be allowed.

As the Court previously explained, a district court can entertain a petition for habeas corpus only after the petitioner has exhausted his available state-law remedies by presenting his claims to the highest state court. Ex parte Hawk, 321 U.S. 114, 117 (1944); O'Sullivan v. Boerckel, 526 U.S. 838, 847-48 (1999); Baldwin v. Reese, 541 U.S. 27, 29 (2004). The exhaustion requirement ensures comity between state and federal courts by affording state courts the first opportunity to "correct a

constitutional violation," thus "minimiz[ing] friction" with federal courts. Rose v. Lundy, 455 U.S. 509, 518 (1982).

In this case, petitioner has not met his "heavy burden" of demonstrating exhaustion, Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011), and, to the contrary, it is undisputed that he has presented only two of his claims, i.e. ineffective assistance of counsel and the unfairness of his jury, to the Massachusetts Supreme Judicial Court. His remaining nine claims are therefore unexhausted. See O'Sullivan, 526 U.S. at 847-48; Baldwin, 541 U.S. at 29.

When a habeas petition contains both exhausted and unexhausted claims, the Court may, in its discretion, hold a petition in abeyance to afford the petitioner an opportunity to exhaust his remaining state-law claims. Rhines v. Weber, 544 U.S. 269, 275-78 (2005). If the Court declines to do so, the Court has further discretion either 1) to dismiss the petition without prejudice or 2) to allow the petitioner voluntarily to dismiss his unexhausted claims. DeLong v. Dickhaut, 715 F.3d 382, 387 (1st Cir. 2013). This Court has consistently followed the former procedure. See Fernandes v. Alves, 706 F. Supp. 3d 161, 164 (D. Mass. 2023) (dismissing a petition containing unexhausted claims but allowing petitioner a chance to refile it with only exhausted claims); Fitzpatrick v. Ryan, No. CIV.A. 11-

11756-NMG, 2014 WL 2916792, at *2 (D. Mass. June 25, 2014) (same).

Because the petition here contains both exhausted and unexhausted claims and the Court has already declined to hold the petition in abeyance based upon a lack of good cause, see Pledger v. Jenkins, No. CV 25-10625-NMG, 2025 WL 1677709, at *2 (D. Mass. May 27, 2025), the Court will exercise its discretion by following the dismissal procedure countenanced by DeLong, 715 F.3d at 387, and previously adhered to by this Court, see Fernandes, 706 F. Supp. 3d at 164; Fitzpatrick, 2014 WL 2916792, at *2. Accordingly, the Court will dismiss the petition without prejudice to petitioner's ability either 1) to refile his petition within 60 days from the date of this order containing only exhausted claims, thereby waiving his claims on the unexhausted grounds, or 2) to appeal his unexhausted claims in state court and re-file his petition after all of his claims have been exhausted.

ORDER

For the foregoing reasons, the motion to dismiss of respondent, Shawn Jenkins, (Docket No. 14) is **ALLOWED** and the petition for writ of habeas corpus of petitioner, Niccokawon Pledger, (Docket No. 1) is **DISMISSED without prejudice.**

On or before Friday, September 26, 2025, petitioner may re-file his petition containing only exhausted claims. If he fails to do so, the petition will be dismissed with prejudice.

**So ordered.**

_/s/ Nathaniel M. Gorton_
Nathaniel M. Gorton
Senior United States District Judge

Dated: August 12, 2025